JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

17-CV-3113

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

17    3113

## I. (a) PLAINTIFFS
JONATHAN HICKS

**DEFENDANTS**
BUCKS COUNTY CORRECTIONAL FACILITY and COUNTY OF BUCKS

(b) County of Residence of First Listed Plaintiff    Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
David M. Koller, Esq., Koller Law LLC, 2043 Locust Street, Suite 1-B, Philadelphia, PA 19103, 215-545-8917

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

JUL 12 2017

DATE
07/12/2017
SIGNATURE OF ATTORNEY OF RECORD
*David Koller*

S-T

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

UNITED STATES DISTRICT COURT       17    3113

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 450 Forrest Ave, Apt. F200, Norristown, PA 19401

Address of Defendant: 1730 South Easton Rd, Doylestown, PA; 50 North Main St, Doylestown, PA 18901

Place of Accident, Incident or Transaction: 1730 S. Easton Rd, Doylestown, PA 18901
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐ No☐

Does this case involve multidistrict litigation possibilities?   Yes☐ No☐
RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

ARBITRATION CERTIFICATION
*(Check Appropriate Category)*
I, David M. Koller, counsel of record do hereby certify:
☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 7/12/17   David M. Koller   90119
              Attorney-at-Law  CST           Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.   JUL 12 2017

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/12/17   David M. Koller   90119
              Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Jonathan Hicks : CIVIL ACTION
v.
Bucks County Correctional Facility
and County of Bucks : NO. 17 3113

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

7/12/17         David M. Koller         Plaintiff
**Date**         **Attorney-at-law**         **Attorney for**

215-545-8917      215-575-0826      davidK@Kollerlawfirm.com
**Telephone**     **FAX Number**     **E-Mail Address**

(Civ. 660) 10/02

JUL 12 2017

KOLLER LAW LLC
David M. Koller, Esquire                                              *Attorney for Plaintiff*
ATTY ID No. 90119
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JONATHAN HICKS** <br> **450 Forrest Avenue, Apt. F200** <br> **Norristown, PA 19401** <br><br> **Plaintiff,** <br><br> v. <br><br> **BUCKS COUNTY CORRECTIONAL** <br> **FACILITY AND COUNTY OF BUCKS** <br> **1730 South Easton Road, Doylestown, PA** <br> **18901 and 50 North Main Street, Doylestown, PA:** <br> **18901** <br> **Defendants.** | **Civil Action No.** <br><br> **Complaint and Jury Demand** |

### CIVIL ACTION

Plaintiff Jonathan Hicks, by and through his attorney, bring this civil matter against Defendants Bucks County Correctional Facility and the County of Bucks, alleging he was subject to violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"), and avers and alleges as follows:

### THE PARTIES

1. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

1

2. Plaintiff is a Caucasian male born in 1981 who, starting in 2006, became a practicing Muslim.

3. Plaintiff resides at the above captioned address.

4. Plaintiff worked for the County of Bucks at Defendant Bucks County Correctional Facility located at 1730 South Easton Road, Doylestown, PA 18901.

5. Plaintiff was employed by Defendants from January 22, 2008 until July 13, 2013.

6. At all times relevant hereto, Defendants acted by and through their agents, servants, and employees, each of whom acted within the scope of his or her job responsibilities.

## JURISDICTION AND VENUE

7. The foregoing paragraphs are incorporated by reference herein as if the same were set forth at length.

8. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

9. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

10. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

2

11. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

12. The foregoing paragraphs are incorporated by reference herein as if the same were set forth at length.

13. Plaintiff exhausted his administrative remedies under Title VII. Butterbaugh v. Chertoff, 479 F. Supp. 2d 485 (W.D. Pa. 2007).

14. On or around January 4, 2013, Plaintiff filed a timely written Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission alleging religious discrimination, disability discrimination, and retaliation against Defendant.

15. The Charge was assigned a Charge Number of EEOC No. 17F201360569 and was duly filed with the Pennsylvania Human Relations Commission ("PHRC") with a Complaint Number of 201202926.

16. Plaintiff received a Notice of Right to Sue relative to the Charge, by mail, dated April 10, 2017.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of the Notice of Right to Sue letter relative the Charge.

18. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

## FACTUAL SUMMARY

19. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

### DEFENDANTS DID NOT KNOW PLAINTIFF'S RELIGION WHEN HE WAS HIRED

20. Plaintiff is a Caucasian male.

21. Plaintiff converted to the religion of Islam in or around 2006.

22. On January 22, 2008, Defendants hired Plaintiff as a full time Corrections Officer for the location in Doylestown, Pennsylvania.

23. Besides Plaintiff, at the time Plaintiff worked at Defendants' Doylestown location, there was only one other Muslim employee.

24. At the time that Defendants hired Plaintiff, Defendants were not aware of Plaintiff's deeply held religious beliefs or his religion.

25. At the time that Defendants hired Plaintiff, Defendants were not aware that Plaintiff was a practicing Muslim.

### DEFENDANTS ISSUED PLAINTIFF A DISCIPLINE FOR HIS FACIAL HAIR

26. Plaintiff wears a beard consistent with his deeply held religious beliefs.

27. On or around July 12, 2011, Sgt. Lynn met with Plaintiff in his office and issued Plaintiff a write-up for failure to comply with Defendants dress code policy requiring facial hair to be trimmed.

28. Specifically, Sgt. Lynn advised that the violation pertained to Plaintiff's facial hair, and Plaintiff specifically told Sgt. Lynn at that meeting that he cannot and will not cut his facial hair due to his deeply held religious beliefs.

29. Sgt. Lynn's response to Plaintiff was that he told Plaintiff that it was Plaintiff's discretion but

4

that Plaintiff should not count on holding a job with Defendants for much longer.

30. The next morning, Lt. Landis called Plaintiff into his office and reviewed the write-up issued the previous day by Sgt. Lynn.

31. Lt Landis then proceeded to ask Plaintiff why he does not cut his facial hair.

32. Plaintiff explained to Lt. Landis that the reason he does not cut his facial hair is because of his religion.

33. Lt. Landis responded by advising Plaintiff that he is not going to hide behind that (meaning to Plaintiff a reference to religion) and telling Plaintiff that no religion prevents you from shaving.

34. Plaintiff, at that point, walked out of the meeting.

### DEFENDANTS HARASSED PLAINTIFF BECAUSE OF HIS RELIGION

35. From that point forward, Plaintiff was harassed, ridiculed, and retaliated against at work.

36. The ridicule included, but was not limited to, comments made to Plaintiff by Lieutenants and others that he was a "terrorist" and that he looked like a "black Abraham Lincoln."

37. Lt Pendergrass placed bacon in front of Plaintiff on at least one occasion and ridiculed Plaintiff because Plaintiff did not eat pork

38. Lt. Pendergrass told Plaintiff that Plaintiff has to eat pork and threatened to hold Plaintiff down and force the pork into his mouth for him to eat it. He also punched Plaintiff.

39. Upon information and belief, Lt. Pendergrass had a prior disciplinary history involving similar conduct in the past.

40. Other employees heard conversations between management about Plaintiff and efforts they were going to undertake to terminate Plaintiff.

### PLAINTIFF COMPLAINED ABOUT GROOMING POLICY TO CAPTAIN DURNING

41. On February 27, 2012, Plaintiff submitted a written complaint to Captain Durning complaining about the application of Defendants' Grooming Policy to him.

42. Specifically, Plaintiff wrote that "...please allow me the ability to observe this religious right."

43. On March 28, 2012, Lt. Pendergrass called Plaintiff "black" and said that Plaintiff looked like Abraham Lincoln. The aforementioned comments and actions about pork occurred subsequently.

44. On April 24, 2013, Plaintiff was moved from his bidded position on the floor into a different, less desired position, and another Correction Officer told me that he overheard Lt. Landis say "Hide the beard."

45. The order to move me into a different position came from Lt. Pendergrass and Lt. Landis.

46. Plaintiff complained to Defendants' Human Resources Department formally on to occasions, and submitted numerous memos documenting incidents to Human Resource Department as he was experiencing them.

47. Human Resource Department did not take adequate prompt corrective action.

48. Ultimately, Plaintiff's employment terminated on July 13, 2013 when Plaintiff could not tolerate being a target any longer and so quit.

49. Plaintiff filed a grievance but nothing came out of it.

50. Other employees who were not Muslim wore beards as long or longer than Plaintiff and were not treated unfavorably or the same as Plaintiff.

### COUNT I - RELIGIOUS DISCRIMINATION
### (HOSTILE WORK ENVIRONMENT)
### **TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

51. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if

the same were set forth more fully at length herein.

52. Plaintiff is a member of protected classes in that he is Muslim.

53. Plaintiff was qualified to perform the job for which he was hired.

54. Plaintiff suffered intentional discrimination because of his religion.

55. Defendant subjected Plaintiff to unwelcome conduct of a religious nature that was severe and pervasive

56. The discrimination detrimentally affected Plaintiff.

57. Plaintiff suffered adverse job actions, including, but not limited to job reassignments, different locations, write-ups, constructive discharge, and termination.

58. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

59. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

60. Defendant discriminated against Plaintiff on the basis of religion.

61. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

62. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

63. *Respondent superior* liability exists such that Defendant is strictly liable for the actions of its supervisors.

64. Defendant is not entitled to an affirmative defense.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT II – RELIGOUS DISCRIMINATION (HOSTILE WORK ENVIRONMENT)
## THE PENNSYLVANIA HUMAN RELATIONS ACT

65. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

66. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of his religion (Islam).

67. As a result of Defendants' unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

55. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

56. Plaintiff engaged in activity protected by Title VII.

57. Plaintiff complained of discrimination internally by reporting the same.

58. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, disciplines, ridicule, harassment, and ultimately leading to his constructive discharge.

59. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this

8

Complaint, *infra*.

## COUNT IV – RETALIATION
## THE PENNSYLVANIA HUMAN RELATIONS ACT

67. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

68. Plaintiff engaged in activity protected by Title VII.

69. Plaintiff complained of discrimination internally by reporting the same.

70. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, disciplines, ridicule, harassment, and ultimately leading to his constructive discharge.

71. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT V - DISPARATE IMPACT UNDER TITLE VII

72. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

73. Defendants maintain policies, including but not limited to policies on grooming and dress codes, that has a disparate impact on members of certain protected classes, including those who practice certain religions like Plaintiff.

74. Maintaining such a policy and failing to accommodate Plaintiff for no legitimate reason is in violation of the law.

9

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VI - DISPARATE IMPACT UNDER PHRA

72. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

73. Defendants maintain policies, including but not limited to policies on grooming and dress codes, that has a disparate impact on members of certain protected classes, including those who practice certain religions like Plaintiff.

74. Maintaining such a policy and failing to accommodate Plaintiff for no legitimate reason is in violation of the law.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VII – FAILURE TO ACCOMMODATE RELIGION UNDER TITLE VII

72. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

73. Plaintiff requested a reasonable accommodation for his deeply held religious beliefs.

74. For no legitimate, non-discriminatory reason, Defendants refused to accommodate Plaintiff and retaliated against him for seeking and requesting and making such an accommodation.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VIII – FAILURE TO ACCOMMODATE RELIGION UNDER PHRA

72. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs

as if the same were set forth more fully at length herein.

73. Plaintiff requested a reasonable accommodation for his deeply held religious beliefs.

74. For no legitimate, non-discriminatory reason, Defendants refused to accommodate Plaintiff and retaliated against him for seeking and requesting and making such an accommodation.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Jonathan Hicks, requests that the Court grant him the following relief against Defendant:

(a) Damages for past and future monetary losses as a result of Defendant unlawful discrimination;

(b) Compensatory damages;

(c) Punitive damages;

(d) Liquidated damages;

(e) Emotional pain and suffering;

(f) Reasonable attorneys' fees;

(g) Recoverable costs;

(h) Pre and post judgment interest;

(i) An allowance to compensate for negative tax consequences;

(j) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of TITLE VII and the

11

PHRA.

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for her adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time any other action or arbitration proceeding contemplated.

Respectfully Submitted,

**KOLLER LAW LLC**

Date: July 12, 2017

By: *David M. Koller*
David M. Koller, Esquire – 90119
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215)-545-8917
F: (215)-575-0826

*Counsel for Plaintiff*